**SO ORDERED.**

**SIGNED this 26th day of June, 2012.**




Robert E. Nugent
United States Chief Bankruptcy Judge

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID WILLIAM VAN HORN, | ) | Case No. 11-10352 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| STATE OF KANSAS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 11-5115 |
| | ) | |
| DAVID WILLIAM VAN HORN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING SUMMARY JUDGMENT ON THE STATE'S § 523(a)(6) CLAIM
AND INITIAL ORDER ON STATE'S MOTION FOR SUMMARY JUDGMENT
ON ITS § 523(a)(7) CLAIM; FURTHER SUBMISSION REQUIRED**

Debtor David William Van Horn was confined to the Ellsworth Correctional Facility serving a sentence for a felony conviction when, on November 23, 2001, he escaped.[1] Van Horn was apprehended later that same day and charged in Ellsworth County District Court with aggravated escape, a severity level 8 "nonperson" felony.[2] He was convicted and sentenced to an additional nine months' incarceration to run consecutively with his prior sentence.[3] He was also subjected to inmate discipline at Ellsworth Correctional Facility and, after pleading guilty in that process, received an administrative sanction that involved loss of good time, time in segregation, and an order to make restitution of $2,921.94, the precise amount of overtime, mileage and expenses relating to the use of a K-9 unit to track and apprehend him.[4] This obligation is the only debt scheduled by Van Horn on the schedules he filed in this bankruptcy case. The State seeks summary judgment on its claims that this debt should be excepted from Van Horn's discharge. Section 523(a)(6) makes nondischargeable any debt that the debtor incurs as a result of willful and malicious injury done to another or another's property. Section 523(a)(7) of the Bankruptcy Code excepts from discharge any debt incurred as a fine, penalty or forfeiture payable to a governmental unit that is not to compensate a pecuniary loss. The facts surrounding the debtor's conduct at Ellsworth are undisputed, but because the State's submission does not adequately document the amount of its claim, I am unable to grant summary judgment at this time as explained below.

*Standards on Summary Judgment; Defendant's Default.*

---

[1] Van Horn was serving a sentence imposed by the Sedgwick County District Court in case no. 98 CR 2648. Adv. Dkt. 22-1.
[2] KAN. STAT. ANN. § 21-5911, formerly KAN. STAT. ANN. § 21-3810(a)(1) and (c)(1); Adv. Dkt. 22-2, p. 26 and 22-5.
[3] Adv. Dkt. 22-5.
[4] The Kansas Department of Corrections regulations make Van Horn's aggravated escape from custody a violation of Department of Corrections regulations, a Class I offense and subject to disciplinary proceedings and penalty. *See* KAN. ADMIN. REG. § 44-12-1001(a) and § 44-12-1301(2003); Adv. Dkt. 22-2, p. 5.

-2-

Van Horn filed his chapter 7 petition on February 23, 2011 while incarcerated in the Hutchinson Correctional Facility.[5] The State of Kansas timely filed this adversary proceeding on May 20, 2011. Van Horn filed an answer, but has not since participated in the pretrial process. The docket report reflects that by February, 2012, Van Horn had been released from the Hutchinson Correctional Facility and left no forwarding address, resulting in the Court's mailings to Van Horn being returned as undeliverable.[6] On February 15, 2012, the Court entered the Final Pretrial Order under D. Kan. L.B.R. 9074.1 without Van Horn's contributions, approval, or objection.[7] Likewise, Van Horn did not respond to the State's summary judgment motion, requiring the Court to independently review the record and arguments to determine whether the State is entitled to summary judgment.[8] Fed. R. Bankr. P. 7056 makes Fed. R. Civ. P 56 applicable in adversary proceedings. Rule 56(e)(2) allows any unaddressed factual contention that is properly supported deemed undisputed for the purpose of this motion.[9] Subsection (e)(3) of the Rule allows granting summary judgment upon review only if the supporting materials show that the State is entitled to judgment as a matter of law based upon the uncontroverted facts.[10]

As the movant and the party with the burden of proof at trial on its dischargeability claims, the State has the initial burden of production to establish the essential elements of each of its claims and the absence of a genuine dispute of material fact.[11] If the State's motion is properly supported, Van Horn can not resist the motion merely by reference to the denials in his answer, but must come

---

[5] *See* Case No. 11-10352, Dkt. 3, 12 and 18.
[6] *See* Adv. Dkt. 28 and 29.
[7] Adv. Dkt. 20.
[8] *Reed v. Bennett,* 312 F.3d 1190 (10th Cir. 2002) (Nonmovant's failure to respond to summary judgment motion is not, by itself, a sufficient basis to grant summary judgment.).
[9] *See also,* D. Kan. L. B.R. 7056.1(a) (facts not controverted are deemed admitted)
[10] *Reed v. Bennett, supra.* (Summary judgment is appropriate if the movant has met its initial burden of production under Rule 56(c) that no genuine dispute of a material fact exists and those undisputed facts entitle the movant to judgment as a matter of law.); *Murray v. City of Tahlequah, Okla.,* 312 F.3d 1196, 1199-1200 (10th Cir. 2002) (same).
[11] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

forward with properly supported facts to demonstrate the existence of genuine factual disputes or the absence of evidence of an essential element of the State's claim.[12] To prevail on its § 523(a)(6) discharge exception for willful and malicious injury, the State must show that Van Horn intended not only the act itself (the escape), but also intended to cause injury to the State.[13] As for the State's § 523(a)(7) discharge exception claim, it must show that Van Horn's restitution order in the prison administrative proceeding is a debt for "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." We turn to the State's statement of uncontroverted facts to determine whether it has demonstrated the essential elements of these two discharge exceptions.

*Uncontroverted Facts*

The State's statement of uncontroverted facts[14] shows that the debtor was assessed restitution of $2,921.94 in the disciplinary proceeding for escaping from the Ellsworth facility and violation of Department of Corrections regulations.[15] According to the affidavit of Robert E. Wasinger ("Wasinger Affidavit"), that amount was calculated based upon time and expenses expended by correctional personnel in tracking and apprehending Van Horn after his escape.[16] This disciplinary proceeding and assessment of sanctions was reviewed by the Secretary of Corrections and affirmed. While incarcerated at Lansing, Van Horn also sought a writ of habeas corpus in the Leavenworth County District Court challenging the Ellsworth Correctional Facility discipline, but

---

[12] *Id.* at 325-26. *See* Rule 56(c) and (e); D. Kan. L.B.R. 7056.1(b). *See also McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988) (Conclusory allegations by the party opposing summary judgment are not sufficient to establish an issue of fact and defeat the motion, citing *McVay v. Western Plains Corp.,* 823 F.2d 1395 (10th Cir. 1987)).

[13] *In re Graham,* 455 B.R. 227, 232-33 (Bankr. D. Colo. 2011) (Section 523(a)(6) may apply to a broad range of conduct causing harm to people or property but to be nondischargeable the debtor must have intended the consequences of his act or believed the consequences were substantially certain to result from the act); *Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1128-29 (10th Cir. 2004).

[14] Dkt. 22, p. 2.

[15] *See* KAN. ADMIN. REG. § 44-12-1001(a) and § 44-12-1301(2003); Adv. Dkt. 22-2, p. 5.

[16] Adv. Dkt. 22-2, pp. 7-14.

-4-

the writ was denied.[17] There are exhibits, including the Wasinger Affidavit, that suggest his inmate account was frozen and the restitution was collected from his inmate account but there is nothing in the record concerning the current amount of the debt. The State did not file a proof of claim.

*Conclusions of Law*

    A.    *Willful and Malicious Damage: §523(a)(6)*

Section §523(a)(6) excepts from discharge debts that are caused by the willful and malicious behavior of the debtor. To make a case under this subsection, a creditor must demonstrate that the debtor intended not only to commit the act that caused the damage, but must also intend its consequences.[18] Debts arising from recklessly or negligently inflicted injury do not fall within the reach of § 523(a)(6).[19] A willful and malicious injury may be inferred from the circumstances giving rise to the injury, since a debtor rarely admits that he deliberately or intentionally injured another.

  Here, Van Horn was convicted in the state criminal court of "aggravated" escape under then KAN. STAT. ANN. § 21-3810(a)(1). The aggravating factor charged in that case was "[e]scaping while held in lawful custody (1) upon a charge or conviction of a felony . . ."[20] Thus, the State did not establish any act of violence or other misconduct beyond the intentional act of escaping while incarcerated for a felony. This by itself does not support a finding of willful and malicious injury.

The State supplements that claim by including copies of Van Horn's appeal and grievances in the disciplinary proceedings and his habeas case. The general suggestion is that Van Horn may have been a difficult prisoner, but nothing in the summary judgment record suggests that Van Horn

---

[17] Adv. Dkt. 22-6; Case No. 2004-CV-489, December 15, 2004.
[18] *Kawaauhau v. Geiger*, 526 U.S. 57, 61-62 (1998).
[19] *Id.* at 64.
[20] KAN. STAT. ANN. § 21-3810(a)(1)(2007), *repealed* Laws 2006, ch. 169, § 98, re-enacted as KAN. STAT. ANN. § 21-5911(b)(1)(A) (2011 Supp.). *Cf.* KAN. STAT. ANN. § 21-3810(b)(1) which also defines aggravated escape from custody as "[e]scaping effected or facilitated by the use of violence or the threat of violence against any person while held in lawful custody . . . on a . . . conviction of any crime." Nothing in the State's uncontroverted facts or submission suggests that Van Horn used violence or the threat of violence to escape – a circumstance more likely to evidence willful or malicious injury.

-5-

knew or had reason to know that he would expose the State to financial loss if he absconded, that he intended to cause harm or injury, or that he committed some form of mayhem in the process.[21] All this record shows is that he "walked away" from the Ellsworth facility, was gone for a few hours, and was criminally prosecuted and administratively sanctioned for that conduct.[22] Nowhere in the records of the criminal prosecution or the prison disciplinary proceeding is there a finding of a willful and malicious injury or facts from which a willful and malicious injury can be inferred.[23] There is not enough here to conclude that this debt should be excepted from Van Horn's discharge under §523(a)(6). Because the State has not come forward with evidence of willful and malicious injury which is an essential element of its claim, summary judgment must be denied on the State's § 523(a)(6) cause of action.

*Restitution as a fine or penalty: §523(a)(7)*

Section 523(a)(7) excepts a debt from a debtor's discharge ". . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . . ."[24] Restitution is not mentioned in this subsection, but the United States Supreme Court held in *Kelly v. Robinson* that restitution that is ordered as a penal sanction is included in the "fine, penalty, or forfeiture" that is protected by § 523(a)(7) and that enforcing those sanctions in bankruptcy respects "an important aspect of sovereignty retained by the states."[25]

---

[21] *Cf. In re Sintobin,* 253 B.R. 826 (Bankr. N.D. Ohio 2000) (tenant debtors' debt arising from their children and friends spray-painting walls, damaging doors and vandalizing leased premises was a willful and malicious injury that would be excepted from discharge where parents encouraged and influenced the misconduct).
[22] *See* Disciplinary Report, Adv. Dkt. 22-2, p. 4; *See also In re Allen,* 75 B.R. 742 (Bankr. C.D. Cal. 1987) (fine imposed upon debtor by union for crossing the picket line was dischargeable where debtor's conduct did not inflict a willful and malicious injury on the union).
[23] *See In re Cole,* 234 B.R. 417 (Bankr. W.D. Wis. 1999) (Restitution obligation imposed upon debtor as a result of debtor's commission of a battery while in prison, as determined by prison disciplinary board, collaterally estopped debtor from contesting that debt was one for willful and malicious injury.)
[24] *See* 11 U.S.C. § 523(a)(7).
[25] 479 U.S. 36, 47, 107 S.Ct. 353, 93 L.Ed. 2d 216 (1986).

-6-

In *Kelly,* the debtor pleaded guilty to larceny in state court for improperly receiving $9,932 in state welfare benefits. The state court sentenced her to prison but suspended the sentence and placed debtor on five years' probation. As a condition of probation, the state court ordered debtor to make restitution of $100 each month throughout her probation. Shortly thereafter, debtor filed a chapter 7 bankruptcy and was granted a discharge. Debtor stopped paying restitution contending that the restitution obligation was discharged. When the state challenged this position, debtor filed an adversary proceeding seeking a determination that the debt was discharged.

The Supreme Court held "that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence."[26] The requirement that a penalty not be compensation for actual pecuniary loss prevents the discharge of restitution because "'the [restitution] obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction for that purpose.'"[27] *In re Troff*, the Tenth Circuit concluded that a *court-imposed restitution obligation* could not be discharged even though the debtor's restitution payments were forwarded to the crime victim.[28] As the Circuit succinctly stated, "[t]he Supreme Court held [in *Kelly*] that restitution obligations imposed *as part of a criminal sentence* were not dischargeable under § 523(a)(7) because principles of federalism do not permit a bankruptcy court to interfere with a state criminal sentence."[29]

Here, the restitution award in question was not part of a criminal sentence. Instead, it nominally took the form of a penalty imposed for violating the prison regulations.[30] Not surprisingly,

---

[26] *Id.* at 50.
[27] *Id.* at 52, quoting *In re Pellegrino*, 42 B.R. 129, 133 (Bankr. D. Conn. 1984).
[28] *In re Troff*, 488 F.3d 1237 (10th Cir. 2007).
[29] *Id.* at 1239 [Emphasis added.].
[30] KAN. ADMIN. REG. § 44-12-1001(a).

escaping from the penitentiary is a violation of prison regulations and may be punished by several enumerated "penalties" including restitution.[31] The restitution is payable to a governmental unit – the Kansas Department of Corrections. As another bankruptcy judge has noted, restitution imposed in a prisoner disciplinary proceeding may be nondischargeable under (a)(7) without having been incurred as a result of an actual court conviction when state law authorizes the administrator to impose the penalty.[32] Kansas law authorizes the Kansas Department of Corrections to do that.[33] While *Kelly* specifically dealt with restitution rendered in a criminal case, nothing in the words of the statute itself limits the exception to discharge to criminal sentences or court-imposed fines. The Court concludes that this award meets the "for the benefit of a governmental unit" element of § 523(a)(7) and, if it is penal in nature, it is a "fine, penalty, or forfeiture."

However, because the amount assessed against Van Horn appears to have been calculated based upon the actual expenses that the State incurred as a result of Van Horn's conduct, *i.e.* the time spent by correctional personnel in that endeavor multiplied by their rates of pay, I question whether its purpose is punitive or merely compensatory. There are cases that deal with fines or restitution that are based on the actual costs of the regulatory bodies or agencies that assess them. One court found an assessment of attorney's fees by a state board of attorney discipline against a disbarred lawyer to be a pecuniary assessment and not a fine.[34] The Fifth Circuit has held that costs assessed by a state dentistry board were likewise found compensatory and not a fine.[35] Other courts

---

[31] *See* KAN. ADMIN. REG. § 44-12-1301(b)(7). Aggravated escape while in custody for a felony conviction under Kansas law qualifies as a Class I offense. *See* KAN. ADMIN. REG. § 44-12-1301(a)(2).
[32] *See In re Reimann*, 436 B.R. 564, 567-68 (Bankr. E.D. Wis. 2010).
[33] *See* KAN. STAT. ANN. § 75-5210, *et seq.*
[34] *In re Love*, 442 B.R. 868 (Bankr. M.D. Tenn. 2011).
[35] *In re Schaffer*, 515 F.3d 424 (5th Cir. 2008).

-8-

have found that attorneys fees and other cost-based sanctions are not necessarily compensatory in nature.[36] What matters is whether the sanction is penal and rehabilitative.

In this case, Van Horn was disciplined by the loss of good time, being placed in administrative segregation, and being made to pay the State an amount equal to the sum of the overtime paid prison personnel in pursuing him, mileage on State vehicles used in that endeavor, and the costs of using a K-9 unit. KAN. ADMIN. REG. § 44-12-1301(b)(7) makes restitution one of the "penalties" for committing a Class I disciplinary offense. KAN. ADMIN. REG. § 44-12-1306(b) contemplates that restitution will be paid to the state and deposited in the general fund. Restitution may only be collected from a prisoner's wages, and a prisoner is no longer required to pay it when he has been released from custody, unless he is in work-release or other corrections-related work, in which case it is collected from his wages from those pursuits.[37] The amount of restitution ordered is "limited to a reasonable amount."[38] Basing the amount of the sanction on the State's expenses incurred in apprehending Van Horn is "reasonable." The sanction was a part of his punishment for violating the prison's rules and was therefore penal in nature.

What is less clear on summary judgment is how to quantify the amount of debt to be excepted from discharge. Although the State accurately presented the original restitution sanction as the amount of $2,921.94, the summary judgment record presented by the State suggests that it may have collected some portion of this amount from Van Horn's inmate account.[39] The Court cannot determine how much has been collected and is therefore unable to enter summary judgment in a liquidated amount on the (a)(7) cause.

---

[36] *Reimann*, 567. *See also In re Haberman*, 137 B.R. 292, 295 (Bankr. E.D. Wis. 1992) and *In re Smith*, 317 B.R. 302, 309-10 (Bankr. D. Md. 2004).
[37] KAN. ADMIN. REG. § 44-12-1306(a)(3) and (4).
[38] KAN. ADMIN. REG. § 44-12-1306(a)(4).
[39] *See* Wasinger Affidavit ¶ 7, Adv. Dkt. 22-1; Inmate Account, Adv. Dkt. 22-2, p. 34; Adv. Dkt. 22-3, p. 3 ("Restitution owed freezes your account until it is paid in full.").

Accordingly, the Court will defer further action in this matter and allow the State to supplement its papers with a supplemental affidavit that sets forth how much of the restitution remains unpaid. The State will file its supplemental affidavit within 14 days of the entry of this order and the defendant is granted 14 days from the date the state's affidavit is filed to respond in writing. Upon receiving these papers, the Court will determine whether there remains a controversy concerning the amount of restitution remaining due and issue a supplemental order on the § 523(a)(7) claim accordingly.

Summary judgment on the § 523(a)(6) exception from discharge claim is DENIED. A partial judgment on decision shall issue.

# # #

-10-

Case 11-05115    Doc# 47    Filed 06/26/12    Page 10 of 10